**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**RENARD COLE**     **PETITIONER**

**V.**     **NO. 2:09CV052-P-A**

**STATE OF MISSISSIPPI, et al.**     **RESPONDENTS**

**MEMORANDUM OPINION**

This cause comes before the court on the petition of Renard Cole for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the Respondents' motion to dismiss. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed without prejudice.

*A. Factual and Procedural Background*

In 2005, Cole pled guilty to aggravated assault and received a ten year suspended sentence with two years of supervised probation. Cole's suspended sentenced was revoked in the Circuit Court of Panola County, Mississippi on January 3, 2006, and he was sentenced to serve three years of his original ten year sentence in the custody of the Mississippi Department of Corrections. On January 13, 2006, Cole was sentenced to two years imprisonment for a new crime of resisting arrest and possession of cocaine which precipitated the earlier revocation. On April 1, 2008, Cole received a discharge certificate indicating that he had successfully completed his sentence. The certificate, however, failed to note that Cole still had seven years of a suspended sentence remaining on the aggravated assault conviction. On October 30, 2008, the remaining seven years of Cole's sentence was revoked after he committed yet another crime of false pretenses. Cole is presently incarcerated for the revoked suspended sentence. Importantly, Cole has not properly pursued post-conviction relief in state court. Cole, instead, filed this habeas petition on March, 16, 2009.

## B. Exhaustion

It is well-settled that a state prisoner seeking habeas corpus relief in federal court must first exhaust available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v. Lundy*, 455 U.S. 509 (1982). An applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254] if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all his claims in state court prior to seeking federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Accordingly, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844. Under Mississippi law, a defendant can challenge the revocation of his supervised release by filing a motion for post-conviction collateral relief in the trial court. *See* Miss. Code Ann. § 99-39-5; *Griffin v. State*, 382 So.2d 289, 290 (Miss. 1980) (an order revoking a suspended sentence or revoking probation is not appealable).

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The Petitioner has admittedly not pursued or followed through with the pursuit of the remedies available to him in State court. The Petitioner may, however, still take advantage of the State's post-conviction review. *See* Miss. Code Ann. §§ 99-39-1 *et seq.* Under the AEDPA, Cole has one year from the date of revocation or until October 30, 2009, to file a properly completed post-conviction petition in the Circuit Court of Panola County. 28 U.S.C. § 2244(d)[2]. Assuming Cole returns to state court and properly pursues post-conviction relief, the federal statute of limitations will be tolled while the matter is pending. *Id.* Accordingly, the Petitioner should, without haste, return to state court and exhaust each claim he intends to present in a federal habeas petition. If he does not delay and once he has received a ruling from the Mississippi State Supreme Court, the Petitioner may return to this court and again pursue a federal writ of habeas.[3] *See* Miss. Code Ann.

---

[2] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

[3] The prohibition against successive writs will not apply where the court has not reviewed the merits of a petition. 28 U.S.C. § 2244(b)(3)(A).

§§ 99-39-1 *et seq*. Since it is clear Cole has not presented his claims to the State's highest court, this federal habeas petition is, therefore, premature and will be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 25th day of August, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE